IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN ROBERTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-1183-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Brian Robertson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 8, 10), and the parties have fully briefed the issues (Docs. 13, 17).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 11, 15). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.  **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.  Procedural History**

Plaintiff filed applications for DIB and SSI on July 1, 2019, alleging a disability onset date of May 10, 2016. (AR, at 76, 78, 219, 223). The SSA denied the applications initially and on reconsideration. (*Id*. at 152-55, 156-59, 161-66, 167-71). Then an administrative hearing was held on September 18, 2020. (*Id*. at 42-75). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 23-37). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

**III.   The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 10, 2016, the alleged onset date. (AR, at 26). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; obesity; depressive disorder; and, posttraumatic stress disorder." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*.) The ALJ then determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able occasionally to balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant must avoid all exposure to temperature extremes, vibrations, unprotected heights, and dangerous moving machinery. The claimant is able to stand and/or walk 30 minutes at a time and sit up to one hour at a time with all changes of position taking place at the workstation without additional breaks. The claimant is able to understand, remember, and follow simple instructions involving no teamwork dependent tasks and have incidental or less than occasional public interaction.

(*Id*. at 29). Then, at Step Four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (*Id*. at 35). However, at Step Five, the ALJ found that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform," such as router, routing clerk, and collator operator. (*Id*. at 35-36). Thus, the ALJ found that Plaintiff had not been under a disability since May 10, 2016. (*Id*. at 36).

## IV. Claims Presented for Judicial Review

Plaintiff raises one issue on appeal, that the ALJ's Step Five findings are incompatible with his RFC and therefore unsupported by substantial evidence. (Doc. 13, at 3). Specifically, the RFC states that Plaintiff can only "understand, remember, and follow <u>simple</u> instructions." (AR, at 29) (emphasis added). Plaintiff asserts this is incompatible with the jobs identified by the Vocational Expert (VE), all of which require a Reasoning Level of 2, which the Dictionary of Occupational Titles (DOT) defines as the ability to "[a]pply commonsense understanding to carry out <u>detailed but uninvolved</u> written or oral instructions [and to] [d]eal with problems involving a few concrete variables in or from standardized situations." (Doc. 13, at 5 (quoting DOT, Appendix C, 1991 WL 688702) (emphasis added)). Plaintiff further argues that the ALJ erred in failing to question the VE regarding the conflict between his testimony and the DOT and in failing to resolve that conflict in the decision. (Doc. 13, at 6-7).

In response, the Commissioner concedes that the occupations identified by the VE have a General Educational Development (GED) Reasoning Level 2 but argues that "a limitation to simple instructions does not inherently conflict with occupations requiring GED Reasoning Level 2." (Doc. 17, at 5). The Commissioner further argues that the ALJ's admitted failure to ask the VE whether his testimony conflicted with the DOT is harmless error because no conflict exists. (*Id*. at 9).

**V.     There Is No Conflict Between Plaintiff's RFC and the Jobs Identified by the VE with Reasoning Level 2.**

The DOT explains that

> General Educational Development embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance.  This is education of a general nature which does not have a recognized, fairly specific occupational objective.  Ordinarily, such education is obtained in elementary school, high school, or college. However, it may be obtained from experience and self-study.  The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development.

DOT, Appendix C - Components of the Definition Trailer, 1991 WL 688702.  The Scale of GED Reasoning Development ranges from Level 1 to Level 6.  "GED, and thus reasoning level, relates to the amount of education (formal or informal) an occupation requires."  *Karen Jean M. v. Saul*, 2020 WL 5057488, at *14 (D. Kan. Aug. 27, 2020).

As described above, Plaintiff asserts that the VE's suggested occupations with a GED Reasoning Level 2 – requiring him to "[a]pply commonsense understanding to carry out <u>detailed but uninvolved</u> written or oral instructions – is incompatible with an RFC limiting him to understanding, remembering, and following <u>simple</u> instructions."  (Doc. 13, at 4-6 (emphasis added)).  Plaintiff argues that his RFC is only compatible with jobs that require a Reasoning Level 1, which is defined as the ability to "[a]pply commonsense understanding to carry out <u>simple</u> one- or two-step instructions [and to] [d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job."  (*Id*. at 5 (emphasis added)).  However, Plaintiff cites no case law

7

to support this argument. By contrast, the Commissioner cites a number of cases holding there is no inherent conflict between Plaintiff's RFC and jobs with Reasoning Level 2.

The Tenth Circuit has held that a limitation to "simple and routine work tasks" was inconsistent with the demands of GED Reasoning Level 3 but was consistent with the demands of GED Reasoning Level 2. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). In *Stokes v. Astrue*, 274 Fed. App'x. 675 (10th Cir. 2008) (unpublished), the Court cited *Hackett* and rejected plaintiff's argument "that the ALJ's limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning-level rating of one." *Id*. at 684.

District courts in this circuit, including this one, have repeatedly rejected Plaintiff's argument and found that a limitation to understanding, remembering, and following simple instructions does not create an apparent conflict with occupations requiring GED Reasoning Level 2. *See Ray v. Comm'r of Soc. Sec.*, No. CIV-18-638-SM, 2019 WL 1474007, at *5 (W.D. Okla. Apr. 3, 2019) ("The court finds that, on its face, the description for a reasoning level of 2 – the ability to carry out detailed but uninvolved written or oral instructions – does not conflict with Plaintiff's RFC limitation to carrying out simple work-related instructions and tasks.") (internal quotation marks omitted); *Roth v. Colvin*, CIV-16-2-D, 2017 WL 394676, at *9 (W.D. Okla. Jan. 11, 2017) (finding that an RFC allowing a plaintiff to perform jobs with "simple[,] repetitive, routine instructions and work decisions" was "consistent with reasoning level 2 which is required by the jobs identified at Step Five") (internal quotation marks omitted), *report and recommendation adopted*, 2017 WL 395215 (W.D. Okla. Jan. 27, 2017); *Goleman v. Colvin*, CIV-15-972-HE, 2016

8

WL 3556958, at *4 (W.D. Okla. May 6, 2016) (concluding that where RFC limited the plaintiff to "understand, remember, or carryout [no] more than simple, routine, repetitive instructions," "[t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two."), *report and recommendation adopted*, 2016 WL 3566688 (W.D. Okla. June 24, 2016); *Rainwater v. Colvin*, 2016 WL 11468941, at *2 (N.D. Okla. Sept. 21, 2016) (finding that although the DOT "employ[s] the word 'detailed,' reasoning level 2 jobs are not inconsistent with" an RFC limitation of "being able to understand, remember, and carry out simple instructions.") (citing *Hackett*), *report and recommendation adopted*, 2016 WL 6561298 (N.D. Okla. Nov. 4, 2016); *Karen Jean M. v. Saul*, 2020 WL 5057488, at *14 (D. Kan. Aug. 27, 2020) (holding that "simple" as used in the DOT GED Reasoning Levels is not equivalent to "simple" as used to describe mental abilities in an RFC, and affirming the ALJ because there was no apparent conflict between plaintiff's ability to understand simple instructions and jobs with GED Reasoning Level 2).

Likewise, here there is no conflict between Plaintiff's RFC and the jobs with Reasoning Level 2 identified by the VE. Accordingly, the ALJ was not required to ask the VE to identify any jobs with Reasoning Level 1. Furthermore, because "there was no conflict between the VE's testimony and information in the DOT . . . , the ALJ's mere failure to ask a perfunctory question the answer to which would have been a simple 'no,' cannot be construed as anything other than harmless error." *Bratten v. Berryhill*, No. CIV-16-232-F, 2017 WL 876031, at *3 (W.D. Okla. Feb. 16, 2017) (citing *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (where no conflicts exist between VE testimony and

DOT, ALJ's failure to inquire as to potential conflicts is harmless error), *report and recommendation adopted*, 2017 WL 876309 (W.D. Okla. Mar. 3, 2017).

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 9th day of February, 2023.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE